CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN -2 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| WOODROW WILSON WOODS, JR., ) | Civil Action No. 7:17-cv-00542 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| MR. JACK LEE, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Woodrow Wilson Woods, Jr., a Virginia inmate proceeding pro se, filed a letter that the court construed as commencing an action pursuant to 42 U.S.C. § 1983 against unnamed officials. The court conditionally filed the action and ordered Plaintiff to, inter alia, amend the complaint to comply with Federal Rules of Civil Procedure. The court informed Plaintiff that a proposed amended complaint would have to stand on its own "without reference to the original complaint, attachments, or amendments already filed." In response, Plaintiff filed a motion to amend and a motion for a temporary restraining order ("TRO") seeking a transfer to another prison. Finding it appropriate to do so, the motion to amend is granted, the named defendants are substituted for defendant "Unknown," the amended complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, and the motion for a TRO is denied.

The amended complaint names several staff at the Middle River Regional Jail: Superintendent Jack Lee and Doctors Quinones, Munsey, and Hereford. The amended complaint alleges in pertinent part:

> Medical neglect / medical malpractice[:] I sustain[ed] two cuts on both feet that . . . required stitching / I was refused medical care . . . . I sustain[ed] left knee damages [when] I fell in the shower without shower shoes and without shower mat[]s . . . . I had surgeries on my left shoulder for broken should[er] [and] placement of [titanium] steel plate [by] Dr. Godett [who] put [two] . . . screws in it [but] required second surgery.

Plaintiff requests $1 billion.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

I dismiss the amended complaint without prejudice. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff fails to relate any issue with his medical care to any personal act or omission by a defendant.

Consequently, Plaintiff presently fails to establish that he presently is likely to succeed on the merits, that the balance of equities presently tips in his favor, and that a TRO presently is in the public interest. See, e.g., Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 19-22 (2008). Accordingly, the motion for a TRO is denied.

To the extent Plaintiff may be able to state a claim upon which relief may be granted against a person acting under color of state law, Plaintiff is granted ten days to file a motion to amend the amended complaint. See, e.g., Gordon, 574 F.2d at 1152.

Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A).

If Plaintiff instead rushes and chooses to seek another amendment in this case, he should know that I may dismiss the second amended complaint with prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike." Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g.,

3

Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

**ENTER:** This 22nd day of January, 2018.

*[signature]*
Senior United States District Judge